**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRUNZIK MANUKYAN; MANOUSHAK MANUKYAN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-70747 <br><br> Agency Nos.    A075-738-971 <br>                  A075-738-972 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2011[**]
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Petitioners Frunzik Manukyan ("lead petitioner" or "Mr. Manukyan") and

Manoushak Manukyan ("Mrs. Manukyan"), citizens of Armenia, seek review of a

final order of the Board of Immigration Appeals ("BIA") affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") determination that Petitioners failed to establish that the harm Mr. Manukyan suffered in Armenia rises to the level of persecution and that Petitioners failed to establish a well-founded fear of persecution in Armenia on the basis of a political or imputed political opinion. We deny the petitions.

The BIA's determinations that an asylum applicant has not demonstrated past persecution or a well-founded fear of future persecution are factual findings, which must be reviewed for substantial evidence. *See INA v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Accordingly, this panel must affirm the BIA's findings unless the evidence compels a contrary result. 8 U.S.C. § 1252(b)(4)(B). "Under the substantial evidence standard of review, the court of appeals must affirm when it is possible to draw two inconsistent conclusions from the evidence." *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) (citation omitted). Because the BIA accepted Petitioners' testimony as credible, this panel is "required to accept [their] testimony as true." *Lim v. INS*, 224 F.3d 929, 933 (9th Cir. 2000) (citation omitted).

We find that the record does not compel either a finding that Mr. Manukyan's experiences amount to past persecution or that Petitioners have a well-founded fear of future persecution. To establish past persecution, an alien must present evidence that he has experienced "the infliction of suffering or harm

2

. . . in a way regarded as offensive" as a result of his "race, religion, or political opinion." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (citation omitted). This mistreatment must be "extreme" for it to constitute persecution. *Id.* (citation omitted). Accordingly, it "does not include every sort of treatment our society regards as offensive." *Id.* (citation omitted).

In this case, Mr. Manukyan has experienced the following mistreatment, allegedly on the basis of his political opinion: (1) he was fired from his job; (2) he was detained by the police twice, once for eight hours and once for five days; (3) he was told by the police that he should "keep [his] mouth shut and just behave [him]self" because "[n]ext time . . . it's not gonna be like this," A.R. 171 (possibly implying that the next time he was detained he would suffer worse mistreatment); and (4) he was severely beaten by two unknown attackers after he gave a political speech. Although this mistreatment is offensive, we do not think the record compels a finding that it rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (not compelled to find persecution where petitioner detained and beaten); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995) (not compelled to find persecution where petitioner arrested, hit and kicked by police, detained for four to six hours and interrogated).

3

Because Mr. Manukyan has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). The BIA found that, although Mr. Manukyan may subjectively fear persecution, "he failed to produce evidence establishing an objectively reasonable possibility of suffering such persecution if he is returned to Armenia" because he did not allege specific facts that "anyone in Armenia was still looking for him or otherwise intended to single him out for persecution nearly 2 years after leaving the country." [A.R. 5.] The record does not compel a contrary finding. As we have noted, "an applicant may not simply prove that there exists a generalized or random possibility of persecution in her native country; she must show that she is at particular risk—that her predicament is appreciably different from the dangers faced by her fellow citizens." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir. 1999) (alterations, quotation marks, and citation omitted). We are not compelled to find that Petitioners met this burden, where the evidence for their claim of a fear of future persecution rests primarily on Mr. Manukyan's experiences described above and the 2001 U.S. Department of State Country Report on Human Rights Practices in Armenia, which identified Mr. Manukyan's political party as an "opposition part[y]." [A.R. 214.] *Compare id.* at 1037 (compelled to find fear of future persecution where record contained evidence of "the violent and harassing actions

4

of a segment of Armenian society bent on ethnic cleansing—actions which targeted [the petitioner] and her family for their prominent role as intellectuals in a small and vulnerable minority"). Accordingly, we find that the BIA's conclusion that Mr. Manukyan did not establish an objective fear of persecution is supported by substantial evidence in the record.

PETITIONS DENIED.